342 So.2d 1094 (1977)
STATE of Florida, Appellant,
v.
Clarence SMITH, Appellee.
No. 76-1260.
District Court of Appeal of Florida, Second District.
March 4, 1977.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, and Robert H. Grizzard, II, Asst. Public Defender, Bartow, for appellee.
PER CURIAM.
Clarence Smith and John Robinson were charged with possession and sale of heroin. *1095 The charges arose out of a purported drug sale to an undercover agent. A tape recording was made of the transaction, but was subsequently misplaced by the state. Robinson moved for dismissal of the charges against him, alleging the tape contained material that would be favorable to his defense, with which the state agreed. Smith was allowed to join in the motion at the hearing on the matter. The trial court dismissed the charges against both defendants on the basis of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Farrell v. State, 317 So.2d 142 (Fla. 1st DCA 1975).
The state filed this appeal alleging that it was error to dismiss the charges against appellees Smith and Robinson. The state has voluntarily dismissed its appeal as to Robinson.
The dismissal of the charges against a defendant under these circumstances is an extreme sanction that should only be utilized with caution after a great deal of deliberation. In the record there is no evidence that would demonstrate that the tape contained material favorable to appellee Smith.
Upon remand the trial court should take evidence to determine if the tape was indeed Brady material as to Smith. If it were, the court should make inquiry to determine the culpability of the state in misplacing the tape and then impose such sanctions, if any, the court deems just under the circumstances. Fla.R.Crim.P. 3.220(j)(1).
REVERSED and REMANDED for further proceedings in accordance with this opinion.
HOBSON, A.C.J., and McNULTY and GRIMES, JJ., concur.