365 So.2d 399 (1978)
The STATE of Florida, Appellant,
v.
Paul L. HERRERA, Appellee.
No. 77-2017.
District Court of Appeal of Florida, Third District.
November 28, 1978.
Rehearing Denied January 8, 1979.
*400 Janet Reno, State's Atty., and Dennis L. Curran, Asst. State's Atty., for appellant.
Alan I. Karten, Miami, for appellee.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HUBBART, Judge.
The central issue raised by this appeal is whether the destruction of a suspect contraband drug unavoidably consumed during chemical testing by a state's chemist constitutes an act of suppression of evidence and a denial of due process by the state sufficient to exclude the trial testimony of the state's chemist and preclude prosecution of the defendant for possession of such contraband drug. We hold that such destruction does not constitute a suppression of evidence and a denial of due process by the state sufficient to exclude such expert testimony or to bar such prosecution. Accordingly, we reverse.
The facts pertaining to the above issue are undisputed. On February 16, 1977, the defendant Paul Herrera was arrested for possession of heroin in Dade County, Florida. The police seized a certain suspect contraband drug from the defendant upon his arrest which was turned over to the crime laboratory of the Dade County Public Safety Department for chemical analysis. Such analysis was subsequently conducted by a chemist employed by the above crime laboratory, which test revealed the presence of heroin. The heroin in question was unavoidably consumed during such test procedures. It is clear that the chemist knew prior to conducting the test that the suspect heroin would be consumed by the test.
On March 22, 1977, the state filed an information charging the defendant with possession of a controlled substance, to wit: heroin, before the Circuit Court for the Eleventh Judicial Circuit of Florida. After entering a plea of not guilty, the defendant filed certain discovery motions seeking inter alia the production of the alleged contraband drug used by the state chemist in conducting his test herein. Such motions were granted although by that time the state chemist had already conducted the chemical test herein and the suspect contraband substance had been consumed in the testing. Nonetheless, the physical results of the test were available for defense inspection including the graph obtained from the ultraviolet spectograph test which was performed on the suspect heroin by the state's chemist as well as the laboratory report reflecting the test results.
The defendant thereupon filed a motion to dismiss the information in this cause on the ground that the state had destroyed material evidence in the cause to wit: the contraband drug, thereby amounting to a denial of due process. The trial court took testimony on the motion wherein the state established that the heroin in question was unavoidably consumed during the chemical analysis of the substance in question. The trial court entered an order excluding the testimony of the state's chemist herein and dismissing the information against the defendant. The state appeals.
*401 The law is clear that the state's intentional or negligent suppression of material evidence favorable to the defendant after a defense request for such evidence constitutes a denial of due process under our state and federal constitutions. Such suppression may call for a new trial, the exclusion of certain of the state's evidence at trial, or the dismissal of the prosecution against the defendant. Moore v. Illinois, 408 U.S. 786, 794, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972); Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Farrell v. State, 317 So.2d 142 (Fla.1st DCA 1975); Johnson v. State, 249 So.2d 470 (Fla.3d DCA 1971), cert. disch. 280 So.2d 673 (Fla. 1973). In that connection, however, the weight of authority in the country is that the destruction of suspect contraband drugs unavoidably consumed during chemical testing by a state chemist does not constitute an act of suppression of evidence by the state sufficient to trigger a due process violation. Partain v. State, 238 Ga. 207, 232 S.E.2d 46 (1977); Poole v. State, 291 So.2d 723 (Miss. 1974); Lee v. State, 511 P.2d 1076 (Alaska 1973); State v. Lightle, 210 Kan. 415, 502 P.2d 834 (1972). Contra: State v. Gaddis, 530 S.W.2d 64, 69 (Tenn. 1975).
In the instant case, we deal with the state's destruction of a suspect contraband drug which was unavoidably consumed during a careful chemical testing process by the state's chemist. In our view, such a chemical test was part of the state's legitimate investigation of this case and cannot be considered in any sense improper conduct. A different case would be presented if the suspect drug had been negligently destroyed during the testing process or if an agent of the state had intentionally or negligently destroyed or lost whatever remained of the suspect drug after the testing process had been completed. See People v. Taylor, 54 Ill. App.3d 454, 12 Ill.Dec. 76, 369 N.E.2d 573 (1977). No such showing, however, has been made in this case.
We agree that it would be better practice, although not constitutionally mandated, for the state to delay the testing of miniscule quantities of suspect drugs in a drug prosecution until the defendant or his representative has been given a fair opportunity to be present during such testing. The credibility of the chemist may very well be open to question before a trier of fact if the drug is consumed during testing and is unavailable to be tested by another expert or introduced at trial as corroborating evidence. Moreover, the risk of convicting an innocent person is thereby magnified. Accordingly, this opinion does not preclude the state, if it chooses, to allow the defendant or his representative to be present during such testing in order to shore up the trial testimony of the state's chemist. Nor do we preclude the defendant from attacking the credibility of the chemist at trial for failure of the state to give the defense such an opportunity. We merely conclude that it does not constitute a suppression of evidence and a denial of due process sufficient to exclude the chemist's trial testimony and dismiss the prosecution if the state declines to follow such a procedure and unavoidably consumes the suspect drug during such test procedures.
The order under review is reversed and the cause remanded for further proceedings.