369 So.2d 389 (1979)
STATE of Florida, Appellant,
v.
Liberace ATKINS, Appellee.
No. 78-1796.
District Court of Appeal of Florida, Second District.
March 28, 1979.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellee.
OTT, Judge.
The State of Florida appeals the dismissal of its information charging appellee with possession of heroin. We reverse.
Appellee was charged with this offense after two law enforcement officers came upon him in the back room of a pool hall *390 while he was leaning over a bottle cap, three pieces of tin foil and a syringe. Heroin is frequently wrapped in tin foil packets for sale and is often prepared for injection in a bottle cap "cooker." The officers arrested appellee and seized the items, which they sent to Dr. Clarke Davidson, a forensic chemist employed by the Lee County Sheriff's Department. Dr. Davidson's tests established the presence of heroin and its common dilutents. His testing almost entirely consumed the residue in the bottle cap. The traces remaining were then sent to a crime laboratory in Sanford, Florida. The report of the crime lab indicated that there was an insufficient sample of residue left for positive identification.
On these facts, appellee moved to dismiss the charges contending that the state could not prove a prima facie case because no controlled substance could be introduced into evidence at trial. The trial court granted the motion. This was error.
The recent case of State v. Herrera, 365 So.2d 399 (Fla. 3d DCA 1978) is dispositive. Herrera was arrested for possession of heroin. The suspect contraband drug was turned over to the crime laboratory of the Dade County Public Safety Department for chemical analysis. The testing revealed the presence of heroin. However, the heroin was unavoidably consumed during the test procedures. Our sister court found that "such a chemical test was part of the state's legitimate investigation of this case and cannot be considered in any sense improper conduct." 365 So.2d at 401. The court noted:
A different case would be presented if the suspect drug had been negligently destroyed during the testing process or if an agent of the state had intentionally or negligently destroyed or lost whatever remained of the suspect drug after the testing process had been completed... No such showing, however, has been made in this case. [Emphasis supplied.]
365 So.2d at 401.
The Herrera court stated the general rule with reference to the unavoidable destruction of contraband drugs during chemical testing. The court stated:
The law is clear that the state's intentional or negligent suppression of material evidence favorable to the defendant after a defense request for such evidence constitutes a denial of due process under our state and federal constitutions... .
[T]he weight of authority in the country is that the destruction of suspect contraband drugs unavoidably consumed during chemical testing by a state chemist does not constitute an act of suppression of evidence by the state sufficient to trigger a due process violation.
365 So.2d at 401.
The Herrera court conceded that it would be a "better practice" for the state to delay the testing of small quantities of suspect drugs until a representative of the defendant could be present during such testing. However, the court stated that such a practice was not constitutionally mandated.
Finally, we find no violation of appellee's sixth amendment right of confrontation. In State v. Armstrong, 363 So.2d 38, 39 (Fla. 2d DCA 1978) this court held that the "confrontation provision of the Sixth Amendment is by its terms restricted to `witnesses' and does not encompass physical evidence as well."
The order dismissing the charge against appellee is reversed and the cause remanded.
BOARDMAN, Acting C.J., and SCHEB, J., concur.