371 So.2d 712 (1979)
Donald Ray STIPP, Appellant,
v.
STATE of Florida, Appellee.
No. 78-517.
District Court of Appeal of Florida, Fourth District.
June 6, 1979.
Rehearing Denied July 18, 1979.
*713 Alan J. Braverman of Mastriana & Braverman, P.A., Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.

ON PETITION FOR REHEARING
DAUKSCH, Judge.
The petition for rehearing is granted and the conviction of appellant is reversed. In doing so we join with the decisions recently rendered in State v. Herrera, 365 So.2d 399 (Fla. 3d DCA 1978) and State v. Atkins, 369 So.2d 389 (Fla. 2d DCA 1979).
Appellant Donald Ray Stipp was tried for possession of cocaine. Before trial he moved to suppress evidence by testimony or otherwise relating to a state chemist's opinion as to whether the seized substance was illegal cocaine. The reason he urged the suppression was because he was prevented from examining and having tested by his own expert a portion of the alleged illegal substance as he is normally permitted to do under Florida Rule of Criminal Procedure 3.220(a)(1)(vi). The reason he was prevented from testing the substance was the intentional, but not willful, destruction of all of the seized substance by the state chemist. The destruction of the entire amount of the seized substance was not necessary, according to the testimony of the state chemist, and had the chemist wanted to he could have saved enough for the defendant or his expert to examine and test. The chemist testified he needed approximately 10 to 50 milligrams of the substance to perform his test to determine whether it contained illegal cocaine. If it was high on the scale of purity, he said, he would only need about 10 milligrams, but if it was low in purity then a larger sampling was required, but not over 50 milligrams. He used the entire amount seized which was approximately 100 to 150 milligrams.
It is wrong for the state to unnecessarily destroy the most critical inculpatory evidence in its case against an accused and then be allowed to introduce essentially irrefutable testimony of the most damaging nature against the accused. It is wrong because it violates a most fundamental right of due process, constitutionally mandated in Florida and the United States as held in Johnson v. State, 249 So.2d 470 (Fla. 3d DCA 1971) and affirmed in State v. Johnson, 280 So.2d 673 (Fla. 1973). In State v. Johnson, our Supreme Court was convinced to accept certiorari based upon an alleged conflict between Johnson v. State, supra, and Roberts v. State, 164 So.2d 817 (Fla. 1964). In discharging the writ of certiorari the court said "Thus, in Roberts, unlike the instant case, no question of defendant's right of confrontation was raised."
In Johnson as here the precise question was the state's destruction or loss of critical, *714 inculpatory evidence. See also State v. Armstrong, 363 So.2d 38 (Fla. 2d DCA 1978) which appears to conflict with the Johnson decisions but does not conflict here because of the court's determination that Armstrong was not a "question of whether appellee Armstrong has been deprived of her right to due process, which guarantees a defendant access to relevant and material evidence necessary for the preparation of his defense."
While under the ruling of State v. Johnson, supra, it would appear the appellant's right of confrontation was violated, we are more impressed with the State's violation of the appellant's fundamental right of due process and are equally concerned with the breaches of the Florida Rules of Criminal Procedure and basic fairness. The right of confrontation issue was dealt with and discarded in United States v. Herndon, 536 F.2d 1027 (5th Cir.1976) where illegal moonshine whiskey was seized and destroyed by the government before trial and the defendant's objection to evidence about the whiskey was held to have been properly overruled because the right of confrontation only applies to witnesses and not physical evidence. Of course, the Fifth Circuit's ruling is not an interpretation of the Constitution of the State of Florida, Art. I., § 16 and our Supreme Court decision in Johnson is unaffected by Herndon. But more importantly, Herndon did say "Whether a defendant has been deprived of the right of due process will depend upon the materiality of the evidence, the likelihood of mistaken interpretation of it by government witnesses or the jury, and the reasons for its nonavailability to the defense."
In Herndon the lawyer for the defense expressly declared he did not file a motion to obtain a sample of the whiskey mash because he preferred to merely cross-examine the expert witness as to the analysis. Not so here, the appellant made a timely motion to suppress after a timely motion for production and adequate objections at trial, all to no avail.
While we tend to agree the right of confrontation does pertain only to witnesses we cannot out of hand dismiss the State v. Johnson, supra, opinion from our Supreme Court because of Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). More importantly, we recognize the logic in Herrera, Atkins, Armstrong, Herndon, the logic behind Florida Rule of Criminal Procedure 3.220(a)(1)(vi) and find the due process clauses in our constitutions require a reversal of this conviction. Additionally, if the state has a suspected illegal drug or other evidentiary item it expects to destroy by testing then the better rule is to notify the accused and allow him to have some minimal participation in the testing process as was also said in Herrera and Atkins in the third and second appellate districts. A rule of criminal procedure would easily take care of that.
REVERSED.
LETTS, J., concurs.
CROSS, J., dissents without opinion.