391 So.2d 299 (1980)
STATE of Florida, Appellant,
v.
Louis Lee SNELL, Appellee.
No. 79-823/T4-494.
District Court of Appeal of Florida, Fifth District.
December 10, 1980.
Jim Smith, Atty. Gen., Tallahassee, and Gregory C. Smith, Asst. Atty. Gen., Daytona Beach, for appellant.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellee.
COBB, Judge.
The defendant, Louis Lee Snell, was charged under section 790.23, Florida Statutes, with unlawful possession of a firearm by a convicted felon. He moved to produce the firearm, and at the hearing thereon the state represented to the trial court that the weapon had been destroyed due to "some inadvertence on the state's part." The state appeals[1] the trial court's order granting an ore tenus defense motion in limine to exclude evidence relative to the firearm.
The trial court observed at the hearing, which had commenced as a hearing on the defense motion to produce, that the prosecutor should develop more information concerning the custody of the firearm and its destruction. No further inquiry in this regard was made. In lieu of the weapon itself, the state represented that it had photographs of the gun taken at the time and place it was last in the possession of the defendant, and represented that it had been test fired by a police officer after seizure. The state argued that the picture of the gun was sufficient to show that it was not an antique,[2] and that the testimony of the *300 police officer who test fired the gun would be subject to cross-examination. The state argued that under the rule set forth in the cases of State v. Sobel, 363 So.2d 324 (Fla. 1978); State v. Herrera, 365 So.2d 399 (Fla.3d DCA 1979); and Budman v. State, 362 So.2d 1022 (Fla.3d DCA 1978), there was no Brady[3] violation absent a showing by the defendant of prejudice resulting from the physical absence of the firearm in question and the use in evidence of the photographs instead.
The argument of the defense at the hearing on the motion in limine (actually a misnomered motion to suppress) was that under State v. Johnson, 280 So.2d 673 (Fla. 1973), the absence of tangible physical evidence for examination by the defense, when that evidence is in and of itself essential to proof of the crime, denies the constitutional right of confrontation. In State v. Johnson, that evidence was a bullet required for ballistics testing; in the instant case, the examination of the lost gun conceivably could have shown that it was an antique or that it was incapable of being fired.
The defense distinguished the cases wherein the lost evidence did not require expert testing and were, therefore, subject to some independent and nonexpert method of corroboration by the state's evidence. The defense also relied on Farrell v. State, 317 So.2d 142 (Fla. 1st DCA 1975).
The trial court granted the motion to suppress primarily on the basis of the State v. Johnson case. The court found that the loss of the firearm by the state appeared to be unintentional, but that this was not the controlling factor.
It is apparent that the trial court made no evidentiary inquiry into the circumstances of the loss of the gun and did not review the photographic evidence nor the testimony of the testing officer in order to evaluate the potential prejudice to the defendant. See Cumbie v. State, 345 So.2d 1061 (Fla. 1977); Richardson v. State, 246 So.2d 771 (Fla. 1971). The determination of any discovery sanction[4] to be imposed in cases where the state loses evidence depends upon the deliberateness of the act and the degree of prejudice to the defendant. In the case of Johnson v. State, 249 So.2d 470 (Fla.3d DCA 1971), the district court reversed the conviction of a defendant because of violation of his discovery rights. Prior to trial, defense counsel filed a discovery motion requesting examination of "any physical evidence relative to the gun with which the state contended defendant was armed at the time of the crime." However, the fatal bullet had been lost after examination by the police ballistics expert. The defendant moved to suppress testimony of the ballistics expert, arguing his inability to conduct an independent examination of the bullet denied his right of confrontation of witnesses and adequate preparation for trial. The defendant's motion was denied; the evidence relating to the fatal bullet was admitted into evidence; and the defendant was convicted of second degree murder. On appeal, the district court reversed the conviction, concluding that the testimony of the ballistics expert was erroneously introduced into evidence. In State v. Johnson, the Florida Supreme Court, in a split decision, determined that certiorari would not lie to review the district court opinion because of lack of conflict with a prior Supreme Court decision in Roberts v. State, 164 So.2d 817 (Fla. 1964).
In the case of Stipp v. State, 371 So.2d 712 (Fla. 4th DCA 1979), the state's chemist, although acting in good faith, intentionally destroyed a seized substance alleged to be cocaine after testing it. He failed to preserve any amount which would provide a meaningful test by the defendant. The appellate court held that for the state to unnecessarily destroy critical inculpatory evidence and then be allowed to introduce essentially irrefutable and damaging testimony predicated upon that evidence is violative of due process.
*301 In Adams v. State, 367 So.2d 635 (Fla.2d DCA 1979), the defendant was convicted of possession of dynamite without a valid license. The police had destroyed the sticks of dynamite in question for safety purposes and, therefore, the dynamite was not available for discovery inspection and testing by the defendant. The appellate court, in affirming, stated:
Whenever the state is unable to produce physical evidence which has been in the possession of the state, a serious constitutional issue is presented. It is clear, however, that the state's failure to produce such evidence does not call for an automatic reversal of a conviction. State v. Sobel, 363 So.2d 324 (Fla. 1978). The supreme court in the Sobel case approved a balancing approach suggested by United States v. Bryant, 145 U.S.App.D.C. 259, 448 F.2d 1182 (1971) and its progeny. Under that approach, where evidence is lost or destroyed while in the possession of the state, the impact of the omission must be evaluated in the context of the entire record. A court must examine the circumstances of the loss or destruction to determine whether there has been a violation of the duty of the state to preserve evidence, a duty which clearly rises during the investigatory phase of a case. Whether there has been such a violation, and whether it was flagrant or in total disregard of the rights of the accused, is the first line of inquiry.

But the analysis does not end there. In a case where the destruction of the evidence was a flagrant and deliberate act done in bad faith with the intention of prejudicing the defense, that alone would be sufficient to vitiate a conviction. But where the circumstances amount to less than this, a conviction should not be overturned unless it can be concluded from a review of the record that the defendant's case was in fact prejudiced by the omission of the nonpreserved evidence. (emphasis added).
Adams at 639-640.
In the case of State v. Sobel, 363 So.2d 324 (Fla. 1978), the state failed to preserve a tape recording made by police officers during an alleged criminal drug transaction. Prior to trial, the defendant moved to dismiss the charge on the basis that the tape, which the police said was inaudible, should have been preserved and that it was exculpatory. The trial court denied the motion. The district court reversed, holding that the mere possibility that the tape could have served to corroborate the defendant's contention that he was not involved was critical. The Florida Supreme Court, quashing the district court reversal, considered the United States Supreme Court case of United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), and its definition of the term "materiality," as referred to in the prior Brady decision. As observed in Agurs,
The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish "materiality" in the constitutional sense.... [I]f the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed. This means that the omission must be evaluated in the context of the entire record. If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial. On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt.
427 U.S. at 109, 112-113, 96 S.Ct. at 2400, 2401.
The Florida Supreme Court approved a balancing test, and noted that it had been adopted in State v. Smith, 342 So.2d 1094 (Fla.2d DCA 1977). It further held that due process requirements are met when a showing is made by the state, which has the burden of proof, that the lost evidence would not have been beneficial to the accused, thus demonstrating a lack of prejudice. Accordingly, the court reinstated the decision of the trial judge, who had found no prejudice, in denying the motion to dismiss.
*302 In the instant case, there was no finding of a bad faith destruction of the evidence by the state. We do not believe that there was a sufficient record reviewed by the trial court, nor was the opportunity afforded to create such a record, to serve as a determinative basis for a factual finding of prejudice or non-prejudice resulting from the omission of the non-preserved evidence. See Sobel and Adams.
Accordingly, the order granting the defendant's motion in limine-motion to suppress-is quashed, and this cause is remanded for further proceedings consistent with this opinion.
QUASHED and REMANDED.
DAUKSCH, C.J., and ORFINGER, J., concur.
NOTES
[1] Fla.R.App.P. 9.140(c)(1)(B).
[2] See State v. Thompson, 390 So.2d 715 (Fla. 1980); Holmes v. State, 389 So.2d 214 (Fla. 5th DCA 1980).
[3] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
[4] See Fla.R.Crim.P. 3.220(j).