391 So.2d 332 (1980)
The STATE of Florida, Appellant,
v.
Myrna Fernandez COOPER, Appellee.
No. 80-809.
District Court of Appeal of Florida, Third District.
December 16, 1980.
Janet Reno, State Atty., and Milton Robbins, Asst. State Atty. and Bruce H. Lehr, Legal Intern, for appellant.
Keith M. Krasnove, Margate, for appellee.
*333 Before SCHWARTZ, NESBITT and PEARSON, DANIEL, JJ.
SCHWARTZ, Judge.
Blood samples were taken from the defendant-appellee soon after her arrest for manslaughter caused by driving a vehicle while intoxicated. Two vials of the blood were transmitted to the Dade County Medical Examiner and one to the Public Safety Department. Both entities conducted chemical tests on their respective samples. Those performed by the medical examiner's office revealed an alcohol content of .100 per cent, the lowest reading which constitutes prima facie evidence that the individual in question was under the influence. § 322.262(2)(c), Fla. Stat. (1979). Because of the acknowledged possibility of a sampling error of between .005 and .015 per cent, which could have reduced the reading below that percentage, both the state and the defendant regarded this testimony as, at the least, unfavorable to the prosecution if not positively helpful to the defense.[1] Two separate testings of its vial by the PSD showed, however, a level of .160 per cent, well beyond both the margin of error above the .100 statutory figure and any normal deviation from the.100 reading obtained by the medical examiner.
Prior to the trial, the blood in the medical examiner's possession was inadvertently destroyed "by attrition." Solely for this reason, and although the blood in the possession of the PSD remained available for further analysis, the trial judge suppressed evidence of both sets of tests, citing Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The state appeals from the order of suppression, which we reverse.
Simply stated, we are unable to discern even a colorable basis for the order below. The evidence favorable to the defendant in this case-the so-called Brady material-was not the blood itself, but the results of the medical examiner's analysis of that blood. See, G.E.G. v. State, 389 So.2d 325 (Fla. 5th DCA 1980). Not only was this evidence not concealed by the prosecution, the defendant remained and remains free to introduce it as she sees fit at the trial. See, G.E.G. v. State, supra; Turner v. State, 388 So.2d 254 (Fla. 1st DCA 1980); Jones v. State, 360 So.2d 1293 (Fla.3d DCA 1978). The loss of the particular samples upon which those tests were run was thus affirmatively shown to have been nonprejudicial. This case therefore presents an a fortiori situation to those in such decisions as State v. Sobel, 363 So.2d 324 (Fla. 1978), and Budman v. State, 362 So.2d 1022 (Fla.3d DCA 1978) in which there was no showing that destroyed material would have aided the defendant's case. See generally, State v. Snell, 391 So.2d 299 (Fla. 5th DCA 1980).
That reversal is required is made even more evident by the fact that a quantity of blood remains in existence for still-further testing if desired. Even when, unlike this instance, favorable test results have not already been obtained, we are aware of no case in which it has been so much as seriously contended that incriminating material should be suppressed after any part of it has been destroyed. Compare Jones v. State, supra, and cases cited, with Stipp v. State, 371 So.2d 712 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1203 (Fla. 1980). The contrary rule would mean that the burning of nine tons (or one ounce) of a ten ton quantity of marijuana would doom the state's case.
In sum, the destruction by the state of physical evidence may not result in suppression or dismissal unless, at a minimum, exculpatory testimony neither actually has been nor potentially may be derived from that source.[2] In this case, both circumstances *334 obtain and the order below manifestly must therefore be
Reversed.
NOTES
[1] Under Sec. 322.262(2)(b), a reading of between .05 and .10 is admissible into evidence but raises no presumption either way.
[2] Even then, evidence concerning the material may be permitted under some circumstances, as when the entire quantity of a drug has been unavoidably consumed in the course of testing and the defendant has not been prejudiced. State v. Atkins, 369 So.2d 389 (Fla.2d DCA 1979); Adams v. State, 367 So.2d 635 (Fla.2d DCA 1979); State v. Herrera, 365 So.2d 399 (Fla.3d DCA 1978); see also, State v. Snell, supra; G.E.G. v. State, supra.