## STATE OF FLORIDA v. CASTIGNOLI
### Case No. 82-25998TT10
County Court, Broward County
April 6, 1983

State Attorney's Office, for plaintiff.

William Moffatt, for defendant.

BRIAN KAY, County Judge.

THIS CAUSE having come on to be heard on a Motion To Suppress the test results obtained from the breathalyzer administered in this cause, it is

ORDERED AND ADJUDGED that the Defendant, George Castignoli's Motion to Suppress the breathalyzer test results is hereby granted.

This Court in substantiation of its Order hereby finds that:

1. The Defendant George Castignoli was stopped by Broward Sheriff's Office and subsequently arrested for Improper Lane Change and Driving Under the Influence on Alcohol on August 19, 1982. He was given a breathalyzer test using a Model #900-A Smith & Wesson machine and was found to have a 0.21% blood alcohol level. This instrument measures blood alcohol content by analyzing a known quantity of deep lung air. The test ampoule is destroyed in the course of the test. No breath, blood or other sample was retained by the State. Before trial, the Defendant moved to suppress the results of the breathalyzer test because the State failed to preserve an additional breath sample for Defendant's own analysis.

2. The sole issue raised in the Defendant's Motion to Suppress is: Whether the State's failure to preserve breath samples for the Defendant's future testing denied him his constitutional right to due process. This same issue has been decided in *Cook v. Florida*, 2 Fla. Supp.2d 184 (Sarasota Co., 1981) and also *State v. Martin*, 1 Fla. Supp. 2d 159 (Hillsborough Co. 1981), in which both Courts held that it is essential under due process principles for the Defendant to be afforded a second sample of breath for future testing when the State intends to use breathalyzer test results against him at trial.

3. At the hearing, both parties presented expert testimony. The witnesses included the Defendant's expert, William Lee Hearn, Ph.D., a qualified Forensic Toxicologist and State's expert, Deputy Wise, B.S.O. Breathalyzer Operator.

4. At the time the breathalyzer test was administered to the Defendant a separate sample of his breath was not retained by the State, nor did he have the right to request one.

5. There are scientifically reliable systems available for collecting and preserving breath samples for future testing at modest expense, such as: (1) the Idium Crimper—a system that is also approved for use by the State of Florida (Rules of Health and Rehabilitative Services, chapter 10D-42.24(5). (2) the Lucky GC Collection System, manufactured by Lucky Laboratories. (3) the Cand-Aire System, a multi-purpose gas sampler.

6. The results secured by these alternative systems are generally accepted in the scientific community and are reliable.

7. The retained samples are relatively small and can be store for long periods of time.

8. The Defendant had no choice but to take the breathalyzer test offered to him and that no other test was given on another machine to corroborate the results of the first test.

9. The method for determining the blood alcohol level content used by the State in this case was selected with knowledge that there would be no evidence preserved for future testing.

10. The method of testing for blood alcohol content utilized by the breathalyzer machine is a non-specific chemical reaction and as such carries with it the inherent possibiliy of artificially higher results.

11. The breath sample is material to the Defendant's guilt or innocence based on the current presumption of guilt when a reading of 10% or higher is obtained.

The right to a fair trial is the very essence of due process of law. In determining whether or not destruction of evidence by the State is violative of the Defendant's due process rights, this Court considered:

1. Whether the evidence was destroyed or suppressed by the State? The answer is yes, the State cannot produce the breath sample because it is destroyed during the test itself. The good faith or bad faith of the State in not being able to produce the ampoule used in the breathalyzer test is of no import. *Lauderdale v. State*, 548 P.2d 376 (Alaska 1976). *Farrell v. State*, 317 So.2d 142 (Fla. 1st DCA 1975).

2. Whether the evidence is material to the Defendant's case and may be exculpatory? The answer again is yes, since the breath sample may well yield scientifically reliable data bearing on an accused person's innocence or guilt of the crime of driving while under the influence. A denial of the right to make such analysis by providing a second test to be preserved denies a Defendant a fair trial. The basic concept of fairness requires that the State take and preserve an additional breath sample so that the Defendant may have his own independent tests performed on it. This Court bases its decision on due process and is further guided by the logic of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963).

The question of the exculpatory nature of the evidence has been addressed in Florida and elsewhere. See *Brady*; *U.S. v. Bryant*, 439 Fed.2d 642, (1971); *Stipp v. State*, 371 So.2d 712 (Fla. 4th DCA 1979); *State v. James*, 404 So.2d 1181 (Fla. 2d DCA 1981); *Cook v. Florida*, 2 Fla. Supp.2d 184 (Sarasota Co., 1981); and *State v. Martin*, 1 Fla. Supp.2d 159 (Hillsborough Co., 1981). The *Stipp* Court stated it is wrong for the State to unnecessarily destroy the most critical inculpatory evidence and then be allowed to introduce essentially irrefutable testimony of the most damaging nature. Though the destruction of the entire

amount of the seized substance in *Stipp* was not necessary for testing purposes as in the breathalyzer case sub judice, nevertheless the State could have preserved a breath sample at reasonable cost and with a change in the law even charge said cost against the Defendant in the event he is found guilty. *Baca v. Smith*, 604 P.2d 617 (Ariz., 1980). In the present case the unavailability of a separate breath sample for the Defendant's inspection is the result of the State's intention selection of the mode of collecting evidence knowing that no evidence would remain for the Defendant to test. In *Bryant* the Court explains that there is an exception for good faith loss of evidence but following the mandate of *Brady v. Maryland*, found that there is no exception for good faith administrative decisions that certain evidence is not discoverable and thus need not be preserved. The *Bryant* Court held that the duty to disclose is operative as a duty to preserve. That the failure of the State, to collect and preserve evidence when those acts can be accomplished as a mere incident to a procedure routinely performed by the State's agents is tantamount to suppressing that evidence. A criminal trial is a search for the truth in which not only the resources of the Defendant but those available to the State must be put to work in aid of that search. In the present case, the breath sample requested by the Defendant is clearly material to his case. The Defendant's ability to rebut the presumption of intoxication is dependent upon his ability to attack the accuracy of the machine that registered the alleged blood alcohol level. Whether the machine was capable of correctly calculating the amount of alcohol in the Defendant's blood can best be determined by analyzing the breath itself since that is the substance that the machine used to base its reading. It must be noted that the Court in the case *Cook v. Florida*, supra, recognized that independently preserved samples proved exculpatory in approximately 10% of all cases, also, numerous other Courts have squarely reached the decision that the right to due process mandates that a sample of breath be preserved for inspection and testing by the Defendant prior to the admissibility of any breathalyzer results. *Baca v. Smith*, 604 P.2d 617 (Ariz. 1980); *Garcia v. District Court*, 589 P.2d 924 (Colo. 1979); Vt. Stat. Ann. Title 23 Statute 1203(a) (1981); *Lauderdale v. State*, 548 P.2d 376 (Alaska 1976); *State v. Booth*, 295 N.W. 2d 194 (Wis. App. 1980); *Municipality of Anchorage v. Serrano*, 649 P.2d 256 (Alaska 1982); *State v. Cornelious*, Nos. 81-193 and 81-252 (N.H. slip opinion filed August 17, 1982); *Cook v. State; Florida v. Martin*.

Since the State has failed to preserve a second sample of breath for future testing by the Defendant, it is apparent that the Defendant has been denied due process under the law. It is incumbent upon the State to employ regular procedures to preserve evidence which a State agent, in the regulator performance of his duties, could reasonably forsee might be favorable to the accused. It is technologically feasible to

preserve a sample of a subject's breath. The impact of the cost to purchase new breath testing devices to replace those currently used is not directly before this Court. The Court is concerned about the cost of implementation and recognizes law enforcement officers would need additional training on newly purchased equipment. The requirement that the State preserve an additional sample, whether it be blood, breath, or urine, may be the only way to protect the accused driver's right to independent testing.