KLEES, Judge.
This appeal is from a suit brought by Musette Turner against New Orleans Public Service, Inc. and Tommy Bolds. Mrs. Turner was injured when she was struck by a NOPSI bus operated by Tommy Bolds. The trial court found both plaintiff and defendant at fault and rendered judgment for Mrs. Turner against NOPSI for stipulated damages in the amount of $3,614.50. It is from this adverse judgment that the defendants appeal. The issue presented on appeal is whether the trial court was correct in refusing to apply comparative negligence to reduce Mrs. Turner’s award even though it found that she was also negligent.
Mrs. Turner was on her way to work in the uptown area on the morning of February 1, 1982 when the accident in question occurred. She had taken the NOPSI Express 93 bus from Downman Road to Canal Street and was going to transfer to a Riv-erbound bus on Canal Street. The accident took place between 8:00 and 8:30 a.m., a very busy time of the morning. Mrs. Turner and many of the other passengers on Express 93 had to cross Canal Street at the corner of Basin Street in order to catch riverbound and lakebound busses which travel in the neutral ground on Canal Street. Mrs. Turner testified that she was rushing to cross Canal Street to get to the neutral ground and upon reaching the lake-bound lane of the neutral ground was startled by a fellow pedestrian. She turned around and realized that a lake bound bus was almost upon her. She attempted to get out of the bus’ path but instead slipped and fell, at which time the bus ran over her foot.
The bus driver, Tommy Bolds, testified that he did not see Mrs. Turner crossing the street and was proceeding with caution at a speed of between 3 to 5 mph. He did not in fact know that his bus had struck Mrs. Turner until someone banged on his door and told him what had happened.
Elaine Walker, a witness to the accident, testified that she saw the plaintiff crossing Canal Street and that apparently she did not see the bus because she ran right up to the bus and walked into it. Another witness, Mary Ann Scheuermann, testified that she saw the plaintiff walking quickly across Canal Street looking straight ahead and seemingly unaware of the lakebound bus’ presence. Sandra Gates also witnessed the accident that morning. She was crossing Canal Street behind the plaintiff who seemed to her to be unaware of the bus’ presence. Ms. Gates testified that a woman at her side screamed when she realized that the bus was coming towards the plaintiff, startling the plaintiff, at which point she slipped, catching her foot in the wheel of the bus.
The trial judge found that both the plaintiff and the defendant were negligent and applied the standard of care enunciated in Baumgartner v. State Farm, 356 So.2d 400 (La.1978). The Supreme Court in that case said,
*141 “Since the operator of a motor vehicle is aware that he could meet many emergencies in which pedestrians will not always act prudently and will sometimes be found in perilous situations, he should have the added burden of keeping the roads safe, even for those who are negligently caught off their guard. Further, where injury results, the burden should fall on the motorist who, with the exercise of care reasonable under the circumstances, saw or should have seen the impending peril and had, at that moment, the opportunity to avoid it.” 365 So.2d 400, 405.
In Bays v. Lee, 432 So.2d 941 (La.App. 4th Cir.1983), this court dealt with an automobile-pedestrian accident in which the defendant sought to apply LSA-C.C. art. 2323, the Louisiana Comparative Negligence Law, to reduce the plaintiff’s recovery. The Court, using the Baumgartner rationale, held that because contributory negligence was not a defense in an automobile-pedestrian accident, under the strict wording of LSA-C.C. art. 2323,[1] comparative negligence would not apply to reduce the plaintiff’s recovery.
We find, that based on the facts of the instant case, the holding of Bays v. Lee is controlling and accordingly we affirm the judgment of the trial court in favor of Ms. Turner in the amount of $3,614.50, and against New Orleans Public Service, Inc., and the driver, Tommy Bolds. All costs of this appeal to be borne by appellant.
AFFIRMED.

. Art. 2323. Computation of damages
When contributory negligence is applicable to a claim for damages, its effect shall be as follows: If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss.