PER CURIAM.
We reverse the defendant’s conviction and sentence for unlawful possession of phencyclidine because the law enforcement agency, which seized the suspect drug from the defendant, subsequently lost the drug due to its own negligence, and thereby deprived the defendant of an opportunity to chemically analyze the suspect drug upon a proper discovery request made below. Inasmuch as the suspect drug forms the entire basis for the charge of unlawful possession of phencyclidine, the negligent loss of the suspect drug required the trial court to dismiss this charge against the defendant upon proper motion. Stipp v. State, 371 So.2d 712 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1203 (Fla.1980); see G.E.G. v. State, 417 So.2d 975, 977-78 (Fla. 1982); State v. Herrera, 365 So.2d 399, 401 (Fla. 3d DCA), cert. denied, 373 So.2d 459 (Fla.1979), citing People v. Taylor, 54 Ill. *881 App.3d 454, 12 Ill.Dec. 76, 369 N.E.2d 573 (1977).
The law enforcement agency herein provided no facilities for the storage of the suspect drug after it had been seized from the defendant and analyzed. It, accordingly, authorized the arresting patrolman in the case to take the drug home and place it in a refrigerator in the patrolman’s private apartment. The landlord of the apartment subsequently removed the refrigerator while the patrolman was on vacation and the suspect drug was lost. We think the state’s handling of this vital piece of evidence was, to say the least, extremely careless. The subsequent loss of same was entirely due to the state’s negligence in not providing for adequate storage facilities for the suspect drug and in allowing the patrolman herein to store it in his private residence.
The conviction and sentence for unlawful possession of phencyclidine is reversed and the cause is remanded to the trial court with directions to dismiss this charge only, in the information filed below. The conviction and probationary order entered for resisting arrest, however, is affirmed, inasmuch as no attack has been made upon same in this appeal.
Affirmed in part; reversed in part.