457 So.2d 566 (1984)
STATE of Florida, Appellant,
v.
T.L.W., a Child, Appellee.
No. 84-575.
District Court of Appeal of Florida, Second District.
October 10, 1984.
*567 Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellant.
Peter D. Ringsmuth of Smith & Ringsmuth, Fort Myers, for appellee.
CAMPBELL, Judge.
Appellant, the State of Florida, contends that the evidence of appellee's possession of cocaine was improperly suppressed. We agree.
In an oral motion in limine, appellee alleged that because the state consumed all of the suspect drugs during testing, she had been deprived of her sixth amendment right to confrontation of witnesses against her and her right to due process of law under the state and federal constitutions.
At the hearing on appellee's motion, the forensic chemist testified that at the time she performed the chemical analysis, she believed it was necessary to consume the entire sample to obtain a meaningful scientific result. On cross-examination, at the urging of counsel, she speculated that, with difficulty, she could have scraped a small amount of the suspect drug aside. She went on to say, however, that she was concerned with a qualitative, not a quantitative result.
Appellee's sixth amendment claim must fail. We reiterate that the confrontation provision of the sixth amendment refers to witnesses and does not encompass physical evidence. Strahorn v. State, 436 So.2d 447, 449 (Fla. 2d DCA 1983), citing State v. Armstrong, 363 So.2d 38, 39 (Fla. 2d DCA 1978). See also State v. Atkins, 369 So.2d 389, 390 (Fla. 2d DCA 1979).
As to appellee's second argument, we recognize that intentional or negligent destruction of suspect drugs by the state or its agents, constitutes a due process violation. State v. Atkins, 369 So.2d at 390, citing State v. Herrera, 365 So.2d 399 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 459 (Fla. 1979). However, where suspect contraband drugs are unavoidably destroyed or consumed during chemical testing by a state chemist, there is no suppression of evidence entailing a due process violation. Atkins at 390; see also, Strahorn.
Here, the state chemist believed use of the entire sample was necessary to obtain valid scientific results. The sample was consumed legitimately in the performance of the chemist's duties. The sample was not negligently destroyed, nor was it destroyed with the intent to deprive appellee *568 of an opportunity to perform an independent test. Strahorn.
Accordingly, on the basis of Strahorn, Atkins and Herrera, we hold that the order granting the motion in limine be reversed and the case remanded to the trial court.
GRIMES, J., concurs.
RYDER, C.J., concurs specially with opinion.
RYDER, Chief Judge, concurring specially.
Although there is nothing in the record to indicate that the state chemist either intentionally or negligently destroyed the suspected cocaine during testing, she testified that, in fact, she could have saved some of the drug but with difficulty. Although I have no reason to believe that the chemist did not make anything but an honest decision to consume the entire sample during testing, I feel compelled to re-emphasize the teachings of State v. Herrera, 365 So.2d 399 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 459 (Fla. 1979). It is a better practice for the state to preserve a portion of the suspected drug for examination by the defense or to delay testing of small amounts of suspected drugs until a defense representative is given a fair opportunity to be present. Also, by following this procedure, the credibility of the state chemist cannot be successfully attacked at trial for failing to allow examination of the drug by the defendant.