# STATE OF FLORIDA v. CORNWELL

Case No. 83-4513

Thirteenth Judicial Circuit, Hillsborough County

October 31, 1984

## APPEARANCES OF COUNSEL

**Christopher K. Vogel**, Assistant State Attorney, for plaintiff.

**William M. Holland, Jr.**, for defendant.

## OPINION OF THE COURT

GUY W. SPICOLA, Circuit Judge.

The State appeals an order entered March 24, 1983, by the County Court of the Thirteenth Judicial Circuit in and for Hillsborough County, granting a Motion In Limine Or In The Alternative Motion to Suppress Breath Tests Results. The breath test results were suppressed as a result of the State's failure to preserve or produce a breath sample.

15

The State charged the defendant with driving under the influence, a violation of Section 316.193, Florida Statutes. The defendant had submitted to a chemical test of his breath performed on a Smith and Wesson Breathalyzer Model 900A which did not preserve a sample for subsequent retesting. The breath test results revealed a blood alcohol concentration of the defendant of .24%. The appellee moved to suppress the results of the Breathalyzer, alleging that failure to preserve and produce a breath sample deprived the defendant of his constitutional right to challenge the breath test evidence.

The trial court granted the Motion to Suppress on the ground that fundamental fairness and due process of law required the State to preserve a sample of the defendant's breath for subsequent retesting. The lower court further grounded its decision on the defendant's right under the United States and Florida Constitutions to cross examination and confrontation of the evidence, together with the defendant's procedural right of discovery. The State appealed and this Court entertained arguments in its appellate capacity pursuant to Florida Rules of Appellate Procedure 9.030(c)(1)(A). The Department of Highway Safety and Motor Vehicles appeared as amicus curiae with respect to the constitutional and administrative issues before this Court.

After studying the briefs and hearing arguments from the parties in this cause, this Court feels compelled to follow *California v. Trombetta*, 104 S.Ct. 2528 (1984), and the recent appellate decisions of *State v. Plawchan*, 9 FLW 1670 (Fla. 1st DCA July 31, 1984), and *State v. Garafola*, 9 FLW 1832 (Fla. 4th DCA August 22, 1984), holding that the failure of a law enforcement agency to preserve a breath sample violates no constitutional right of the Defendant. It is the opinion of this Court that the right to due process and to confront the evidence as protected by the United States and Florida Constitutions does not require the State to preserve a sample of breath for subsequent retesting under these decisions.

In so ruling, the Court takes note that breath preservation or alcohol trapping techniques are presently available and technically feasible. However, in reviewing *Trombetta*, *Plawchan*, and *Garafola*, it is clear to this Court that the consumption of the breath in the testing process by the Breathalyzer Model 900A was in good faith and in accord with normal practices. As such, the failure to preserve breath or trap alcohol in the breath avoids the transgression of the constitutional rights contemplated by *Brady v. Maryland*, 373 U.S. 83 (1963) which addressed the illegal destruction or withholding of evidence. Further, the appellee has failed to prove a *Brady* violation by showing that

16

failure to preserve a sample of his breath is material either to guilt or to punishment; the appellee has failed to demonstrate that the omission complained of creates a reasonable doubt that did not otherwise exist. *United States v. Agurs*, 427 U.S. 97 (1976). The mere possibility that a breath sample may help the defense or may affect the outcome of the trial does not establish materiality in the constitutional sense. *Id.* at 109, 110. See also, *State v. Sobel*, 363 So.2d 324 (Fla. 1978). The appellee concedes that *Brady* is not an issue in this appeal.

No right of confrontation has been violated in the instant case. In *Trombetta*, the Court implicitly rejected any contention that a Sixth Amendment right extended to breath testing. The Court noted prior decisions recognizing that criminal defendants are entitled to call *witnesses* and to cross-examine witnesses. *Trombetta* at 3129. Breath testing, as in the case of blood testing, is non-testimonial evidence. *Harrison v. State*, 403 So.2d 565 (Fla. 3rd DCA 1981); *State v. Atkins*, 369 So.2d 389 (Fla. 2d DCA 1979).

In addition, the lower court erred in determining that a defendant's procedural right of discovery in a criminal case entitled the appellee to examine evidence of the breath collected and preserved by the State. As explained by the Court in *Trombetta*, the evidence to be presented at trial was not the breath itself, but rather the results obtained from the breath samples. The breath was for a limited purpose of providing raw data to the Breathalyzer. *Trombetta* at 3129. The appellee's discovery rights were satisfied when the State apprised the defendant of his blood alcohol concentration determined by the Breathalyzer.

The appellee forcefully argues distinctions between breath testing procedures and equipment employed in the *Trombetta* decision as opposed to the instant case. In particular, the appellee contends that the intoxilyzer, an infrared breath testing device, is more accurate than the Breathalyzer employed in the instant case. Also, the appellee contends that California procedures, which require two tests that register within .02 of each other in order to be admissible in court, significantly influenced the decision in *Trombetta* such that a different result is required in the instant case. While there are distinctions, the distinctions are not so substantial as to require a departure from *Trombetta*. In *Plawchan*, the defendant was tested on a Breathalyzer and charged with driving with an unlawful blood alcohol level, which depends exclusively upon breath or blood test results to prove the charge. The First District Court of Appeal followed *Trombetta* notwithstanding the different equipment and offense charged (Trombetta was charged with driving while intoxicated) and I see no reason why *Trombetta* should not control in the present case.

17

Furthermore, while testing procedures in California may differ from Florida's regulations, test results in Florida are admissible only if testing procedures substantially comply with the rules promulgated by the Department of Health and Rehabilitative Services. Sections 316.1932(1)(f)1., 316.1934(2), Florida Statutes. These rules, set forth in Chapter 10D-42, Florida Administrative Code, require approval of breath testing devices by the Department of Health and Rehabilitative Services, training and certification of technicians, periodic inspection and maintenance of equipment, and operational procedures to be followed in test administration that are intended for the purpose of insuring the accuracy of the test and the welfare of the individuals tested.

In upholding the constitutionality of former Sections 322.261, 322.267, Florida Statutes, and the aforesaid administrative rules, the Florida Supreme Court emphasized the reliability of breath tests and commented that the defendant could challenge the accuracy of the testing procedures, the qualifications of the operator, and rebut any presumption of impairment by presenting evidence that the defendant's faculties were not impaired. *State v. Bender*, 382 So.2d 697 (Fla. 1980). Similarly, if the appellee in the case sub judice believes that the Breathalyzer may not have been properly calibrated, or that the machine was subject to improper measurement or to operator error, the appellee may raise these concerns in the proceedings below. See *Trombetta* at 3130.

Accordingly, the order of the County Court suppressing the evidence of the test results is REVERSED.