## STATE OF FLORIDA v MILLER
### Case No. 84-260-AC
Eleventh Judicial Circuit, Appellate Division, Dade County
November 20, 1985

### APPEARANCES OF COUNSEL

**Diane Lees** for appellant.

**Linda Carroll** for appellee.

Before FEDER, BARAD, SHAPIRO, JJ.

### OPINION OF THE COURT

FEDER, J.

This is an Appeal by the State from the granting of a Motion to Dismiss. We affirm.

The Defendant was charged with Driving Under the Influence of Alcohol. Shortly after arrest, the Defendant was taken for a sobriety test which was videotaped. Prior to the trial the defense attorney

learned that the videotape had been lost or destroyed and, therefore, at the call of the case the defense moved for a continuance in order to give the State the opportunity to locate the tape. The State objected to any continuance and thereafter the defense moved for a dismissal on the ground that the only exculpatory[1] evidence was now lost and unavailable to the defense.

The Court found that the tape constituted not only favorable evidence which, if available, would likely have created a reasonable doubt of the defendant's impairment but further found that the tape was the only such evidence available to establish a defense to the charge. The Court further found that the tape was lost through the State's culpable negligence.

The State has argued that the defense never requested the tape. In fact, the defendant requested reciprocal discovery and, in response thereto, viewed the tape as a matter of pretrial discovery. The information received by the defense attorney was the basis for the affidavit, heretofore discussed.

The State's further position is that the defense counsel could have testified as to her memory of the contents of the videotape from having viewed it as part of the pretrial discovery. This presumes that the testimony of an attorney hired as the agent of the defendant to defend him would have credibility before the jury, comparable to their viewing the tape itself. Not only does this stretch the credulity of the Court, it flies in the face of the ancient Chinese proverb that one picture is worth a thousand words.

Parenthetically, the Code of Professional Responsibility would require the defense attorney to remove herself as attorney for the defendant, thus depriving the defendant of his constitutional right to an attorney of his choice.

As stated by the Court in *State v. James*, 404 So.2d 1181, 1182 (Fla. 2d DCA 1981): "However, to be entitled to relief, a defendant generally must show that the destruction of evidence resulted in some demonstrable prejudice to him."

Herein, the State's culpable negligence caused the defendant irreversible and clearly demonstrable prejudice by removing the only evidence of his innocence. Thus, the action of the Court is dismissing the action,

---

[1] An affidavit before the Court stated that the tape showed that the defendant was not impaired, did not have slurred speech, passed the sway and balance as well as finger to nose test, could walk a straight line without a problem, could tell the approximate time without a clock or watch, was cooperative, intelligible and in control of his normal faculties.

after the State objected to a continuance, though extreme, was the only legally sufficient remedy available under the circumstances. See *Stipp v. State*, 371 So.2d 712 (Fla. 4th DCA 1979).

## SEPARATE OPINION

SHAPIRO, J., DISSENTS

I most respectfully dissent from the decision reached by my colleagues.

Dismissal of an information or the charging document is the harshest sanction which can be imposed upon the State. It should only be utilized if and when no other remedy exists to rectify the alleged wrong. Unless the Defendant can show the tape was intentionally destroyed, dismissal is too severe. See *Salvatore v. State*, 366 So.2d 745, 751 (Fla. 1979), and *State v. Smith*, 342 So.2d 1094 (Fla. 2d DCA 1977). Even though the tape may have contained evidence favorable to the Defendant, the absence of willful destruction of same by the State and the existence of some alternative testimony for the Defendant, makes dismissal improper.

I would reverse the action of the lower Court and require the Defendant to answer the charges against him.