# STATE OF FLORIDA v BADE
## Case No. 84-103 AC
Eleventh Judicial Circuit, Appellate Division, Dade County
November 17, 1986

## APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **Calianne P. Lantz,** Assistant Attorney General, for appellant.

**Lawrence S. Katz** for appellee.

Before RIVKIND, HENDERSON, MASTOS, JJ.

## OPINION OF THE COURT

THEODORE G. MASTOS, Judge.

The State of Florida, appellant herein, appeals from an Order Dismissing Charges in a D.U.I. prosecution. Said dismissal was predicated on the State's failure to preserve the videotape made simultaneously with appellee's arrest. The trial judge held that the failure to preserve the videotape denied appellee both proper Discovery under Rule 3.220, Fla. R. Crim. P. and due process of law under Article 1, Section 9 of the Florida Constitution and the Fourteenth Amendment to the United States Constitution.

The trial judge conducted a pre-trial hearing during which D. O. Technician Rodgers was examined and cross-examined not only on the scope and purpose of using videotape in D.U.I. cases, but also on his inability to locate the tape on the eve of trial. It would appear that the videotape was made simultaneously with the arrest and as such would be merely cumulative to the testimony of the arresting officer and D. O. Technician. The right of the accused to cross-examine and confront these witnesses would still be preserved, with or without the videotape.

It would appear, then, that the record below fails in three separate areas to justify a Order of Dismissal. First of all, the record fails to demonstrate that the missing videotape contained evidence or material favorable to the appellee. Secondly, it fails to demonstrate that the videotape was material to the appellee's guilt or innocence. And third, there is no showing whatsoever that the omission of the tape would be prejudicial in any way to appellee.

Accordingly, the Order Dismissing Charges is hereby reversed and the case remanded to the lower court for trial. See *State v. Smith*, 342 So.2d 1094 (Fla. 2d DCA 1977); *State v. Sobel*, 363 So.2d 324 (Fla. 1978); *State v. Cooper*, 391 So.2d 332 (Fla. 3d DCA 1980); *State v. James*, 404 So.2d 1181 (Fla. 2d DCA 1981); *State v. Banks*, 418 So.2d 1059 (Fla. 2d DCA 1982); *Demps v. State*, 395 So.2d 501 (Fla. 1981).