PER CURIAM.
Brian Hooks, Thomas Daugherty and William Ammons petition this court for writ of certiorari to quash the lower tribunal’s order granting the State’s motion for declaratory order and allowing the State to test and unavoidably consume DNA evidence without the presence of a defense expert or a video camera to document the testing procedures.
Petitioners are criminal defendants below, and each is charged with one count of premeditated first-degree murder and two counts of attempted first-degree murder. During the course of discovery, the State Attorney’s Office notified the defendants of its intent to perform DNA testing on certain evidence and of the possibility that this evidence may be unavoidably consumed during the testing process. The defendants filed motions objecting to the DNA testing and asked that the circuit court either allow a defense expert to be present during the testing process or have the testing procedures videotaped. The State also filed a motion seeking a declaratory order determining its authorization to perform the DNA testing. After a hearing on the motions, the circuit court found that the defendants could not have an expert present during the testing procedures due to the potential for contamination of the evidence and concerns that the Broward County Sheriffs Office Crime Laboratory would lose its accreditation.
The State has committed no constitutional violation as the unavoidable consumption of evidence during DNA testing, when done in good faith, does not violate due process. See Gordon v. State, 863 So.2d 1215, 1220 (Fla.2003) (citing Arizona v. Youngblood, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988)); State v. Herrera, 365 So.2d 399 (Fla. 3d DCA 1978). However, several courts have stated that the better practice is for the State to notify the defense of the unavoidable consumption of evidence prior to the testing in order to give the defendant or a representative a fair opportunity to be present during the testing. Stipp v. State, 371 So.2d 712, 714 (Fla. 4th DCA 1979); State v. Atkins, 369 So.2d 389 (Fla. 2d DCA 1979); Herrera, 365 So.2d at 401.
We therefore grant the petition for writ of certiorari, quash the order below and remand for an evidentiary hearing so the parties can demonstrate whether it is practicable to allow videotaping or the presence of a defense expert during the DNA testing process.
The remand to the circuit court is to conduct an evidentiary hearing that will allow the parties to further develop the record with respect to the contamination, concentration and accreditation issues and, if possible, to develop safeguards that would allow for the presence of a defense expert or videotaping of the testing procedures. The parties should have an opportunity to present evidence that demonstrates whether the Broward County Sheriffs Office Crime Laboratory could lose its accreditation by videotaping the process or allowing a defense expert to be present during testing. Furthermore, the parties should have the chance to establish whether the presence of a video camera or defense expert increases the potential for *517 contamination of the evidence and affects the concentration of the examiner performing the testing procedures.
STEVENSON, C.J., POLEN and SHAHOOD, JJ., concur.