**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**José Rafael ROJAS, Defendant-
Appellant.**

No. 74–1641

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 17, 1974.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Robert H. Burns, Miami Beach, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Samuel A. Alter, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Found guilty by a jury, José Rafael Rojas appeals his conviction and sentence for three felony offenses. The convictions were for: (1) possession with intent to distribute, (Count V) and (2) distribution of cocaine, (Count VI) 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, and (3) unlawfully carrying a firearm during the commission of a felony (Count VII) 18 U.S.C. Sec. 924(c)(2). The appellant assigns four claims of prejudicial error. We fail to find merit in the grounds advanced and affirm.

Error is asserted in the following respects:

(1) Refusal by the trial court to permit appellant's counsel to conduct a separate voir dire examination of prospective jurors, or to propound questions requested by counsel;

(2) Denial of appellant's motion to dismiss based on the government's non-preservation of evidence;

(3) Adjudging appellant guilty of both possession with intent to distribute, and distribution of cocaine, asserting that the former is a lesser offense included in the latter charges; and

(4) Failure by the trial court to instruct the jury as to the meaning of "unlawfully" as used in Count VII, the charge under Title 18, U.S.C. Sec. 924 (c)(2).

Detective Barreto of the Miami Beach, Florida Police Department, on assignment to the Drug Enforcement Administration, made an undercover purchase of three ounces of cocaine for $2250 from appellant's co-defendant, Michael Lemus, on December 7, 1973. Later that day

Barreto met appellant in Lemus's apartment located at 601 Northwest 97th Street, Miami. That evening at 9:00 p. m. appellant was observed stopping his car in front of Lemus's home. He was seen handing a clear cellophane package to Lemus, who placed it under his shirt and returned to his apartment. The package was removed by Lemus and sold to Detective Barreto, who was waiting inside the apartment. It contained 859 grams of cocaine.

Appellant was stopped in his car by William Bergen, an agent of the Drug Enforcement Administration, as he drove away from the scene. The agent displayed identification and told appellant to get out of his car. When Rojas did not obey, Bergen approached the car and saw a holstered .38 Colt Cobra between appellant's legs. The firearm was later found to be loaded. Both Lemus and Rojas were arrested. Rojas was tried alone on the three counts under which he was charged, Count V, VI and VII, Lemus having previously entered a guilty plea. The sentences imposed on Rojas were to 5 years confinement, followed by a special parole term of 3 years, to be served concurrently under Counts V and VI, and to a concurrent 7 year confinement term under Count VII.

Under F.R.Cr.P. Rule 24(a) the trial court may allow counsel to participate in the voir dire examination of jurors or may itself conduct the examination. In the latter event counsel are allowed to submit proper questions. Below the court alone conducted the voir dire. The questions requested by appellant were denied, without any objection by defense counsel. The requested questions were not made a part of either the original record or a supplemental record covering the voir dire examination. The court conducted an extensive voir dire as to relationship or acquaintance with witnesses and parties, and as to possible juror prejudices regarding the government, courts, police, drugs, drug related offenses and offenders. Plain error does not appear on this record, F.R.Cr.P. Rule 52(b). We have no reason to believe that the trial court exceeded its broad discretion in conducting voir dire. See United States v. Fruge, 5 Cir., 1974, 492 F.2d 1163.

Just prior to the acts covered by Counts 5 & 6 of the indictment, the possession and distribution counts, a tape recorder and a transmitter were placed by agents under the dashboard of Barreto's car. A recording was made of a conversation between the undercover agent Barreto and the co-defendant Lemus. The existence of the tape was disclosed in pretrial discovery proceedings and appellant was granted permission to audit the tape. It was then discovered that the cassette tape was broken, could not be fixed, and was impossible to listen to. At trial, a government witness who removed it from the car testified that in some way the tape had wound around the recorder and become badly stretched. He placed it in an envelope to preserve it. Rojas moved to dismiss the indictment, alleging that the content of the recording was essential for preparation of his defense. This motion was denied.

Attempts to repair or splice the tape by the government prior to trial were unsuccessful. Appellant was given the opportunity to have the tape repaired by his own expert, but did not do so. The trial judge indicated that if the tape could be repaired he would declare a mistrial so that its contents would be available to Rojas upon a re-trial.

Both sides cite United States v. Bryant, 1971, 142 U.S.App.D.C. 132, 439 F.2d 642, for their respective positions. *Bryant* dealt with a tape recording made by the government that was lost prior to trial. The government's entire case rested on the testimony of an undercover agent; it was his conversations that were taped but not preserved. Accordingly, the case was remanded for determination by the trial court of the government's good faith efforts to preserve the tape, and its negligence in failing to do so, with the decision whether to order a new trial delegated to the trial judge.

Here the tape was available to appellant, though damaged. It was damaged when it was removed from the recorder. There was no indication of negligence in handling the tapes. The government attempted to comply with the discovery procedures of F.R.Cr.P. Rule 16. There was other sufficient evidence to sustain the convictions. *Bryant* recognizes and supports such a good faith explanation. This assignment lacks merit.

Appellant alleges the charges of possession with intent to distribute and distribution are multiplicitous and should merge. Appellant was sentenced to 5 year sentences on each of these counts to run concurrently. Under the concurrent sentence doctrine, we need not reach the issue of multiplicity. See United States v. Workopich, 5 Cir. 1973, 479 F.2d 1142, which dealt with the same charges and issue.

Finally, appellant alleges that in instructing the jury on the offense of unlawfully carrying a firearm during the commission of a felony, 18 U.S.C. Sec. 924(c)(2),[1] the court erred in not instructing that the possession of the firearm must be unlawful. Appellant raised no objection at trial, thus this issue is governed by the plain error rule. He must show that his substantial rights were affected and that a manifest miscarriage of justice occurred. See United States v. Resnick, 5 Cir., 1974, 488 F.2d 1165.

Here the court read to the jury the indictment, the applicable statute, and enumerated the essential elements of the crime. While the meaning of "unlawfully" was not explained further, the jury was made aware of the element of unlawfulness at least three times in the course of the court's instruction. Read as a whole, the jury charge was adequate.

Affirmed.

---

1.  Either as charged in Count V or Count VI, or both.