**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Bobby J. HERNDON,**
**Defendant-Appellant.**

No. 75–4377
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 1976.

Rehearing Denied Sept. 3, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Max P. Engel, Miami, Fla., for defendant-appellant.

Robert W. Rust, U.S. Atty., William R. Northcutt, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

1. *See* 18 U.S.C. § 371; 26 U.S.C. §§ 5601(a)(1), (2), (4), 5602.

2. Jones, like Herndon, was convicted on five counts of the seven count indictment. One

Before THORNBERRY, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

Bobby Joe Herndon appeals from his conviction for conspiracy and substantive offenses related to the production of illegal "moonshine" liquor.[1] The jury found Herndon and a co-defendant, Donald Jones, not guilty of transportation, sale, and possession of non-taxpaid liquor.[2] We find that none of the five points of error asserted by Herndon warrant reversal.

Before trial, appellant moved to suppress certain bank records, and the trial court granted the motion on the ground that the government's use of the subpoena duces tecum had been unauthorized. Those records were not introduced at trial, but copies of checks and other documents relating to the purchase of equipment and materials which could be used in the production of liquor were put into evidence over appellant's objection. Appellant argued that the documents were "tainted" because they had come into the government's hands through exploitation of the suppressed bank records. At the least, appellant now contends, the government was required to make an affirmative showing of independent origin rather than simply state to the court that there was no impermissible connection.

We need not reach this question in view of the Supreme Court's recent decision in *United States v. Miller*, —— U.S. ——, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). In that case, which involved facts quite similar to those that now confront us, the Court held that only the subpoenaed bank had a fourth amendment interest in bank records which entitled it to challenge the subpoena and suppress evidence derived therefrom. Ac-

count was dismissed as to all defendants. Furthermore, defendant William Mimbs was acquitted on all counts.

cordingly, the Court reaffirmed the rule that

the issuance of a subpoena to a third party to obtain the records of that party does not violate the rights of a defendant, even if a criminal prosecution is contemplated at the time the subpoena is issued.

96 S.Ct. at 1624.

██ It therefore is clear that appellant had no right to challenge the subpoena for bank records and that the introduction into evidence of the records themselves would not have been error. Introduction of the secondary documents, then, was undoubtedly permissible; there can be no taint where there is no primary illegality.

A more substantial point of error relates to evidence concerning a sample of mash introduced by the government. The government's expert witness made an analysis of the sample and a laboratory report was prepared as a result of the analysis. The report was made available to the defense and the expert appeared and was cross-examined at trial, but the witness's original notes of the test were not available at trial. Moreover, it was discovered that the mash sample itself had been destroyed pursuant to a routine procedure by which evidence that had been in the lab longer than six months was removed because of space limitations.

██ Appellant urges first that the destruction of the sample and the absence of the lab notes deprived him of his sixth amendment right to confront witnesses against him. But that provision is by its terms restricted to "witnesses" and does not encompass physical evidence as well. And to the extent that it is a claim that production of the sample or notes was necessary to fully "confront" the government's expert, it is foreclosed by this court's en banc holding in *United States v. Williams*, 447 F.2d 1285, 1288–1291 (5 Cir. 1971), that

an expert's testimony need not be based solely on *records* which are themselves introduced into evidence so long as the

sources of information are of a type reasonably relied on by experts in forming opinions or inferences upon the subject.

██ The appellant's claim, it seems to us, is more properly one under the Due Process Clause of the fifth amendment. As a matter of the fundamental fairness which that provision guarantees appellant, he is entitled to access to relevant and material evidence which is necessary for him to prepare his defense. *See Barnard v. Henderson*, 514 F.2d 744 (5 Cir. 1975); *United States v. Rojas*, 502 F.2d 1042 (5 Cir. 1974). Whether a defendant has been deprived of this right of due process will depend upon the materiality of the evidence, the likelihood of mistaken interpretation of it by government witnesses or the jury, and the reasons for its nonavailability to the defense.

██ We find no cause for reversal here. Appellant made no effort prior to trial to gain access to the notes or to obtain the mash sample in order to have his own analysis of it made. To the contrary, his attorney stated that

I didn't file any motion because I didn't believe it was material as far as the items being found but insofar as they relate to the chemical analysis, I felt I would like to cross examine the witness, if appropriate.

Thus, appellant's first demand for the physical evidence made in the middle of trial, ten months after his indictment. Such a demand clearly was untimely, and alone justified denial of his claim. But we note also that, although the destruction of the mash sample was "intentional", there is no claim that there was an improper governmental motive here. *See United States v. Love*, 482 F.2d 213 (5 Cir. 1973).[3] Finally, there was no substantial question at trial concerning the alcoholic content of the liquids that appellant and others produced. The evidence as to their actions as well as to the impressions of others indicated a

---

**3.** We intimate no opinion on the issue of whether, in other circumstances, this court would follow *United States v. Bryant*, 142 U.S. App.D.C. 132, 439 F.2d 642, 652 (1971), in holding "systematic non-preservation" of evidence impermissible.

uniform belief on the part of all parties that it was indeed alcoholic spirits which the stills were putting forth. For these reasons, we believe that the destruction of the mash sample did not deprive appellant of a fundamentally fair trial.

■ Appellant also argues that impermissible references to collateral and prior crimes deprived him of a fair trial. Most such references referred to alleged crimes by other defendants, and the trial court gave careful and proper instructions to the jury in each instance. While there are circumstances in which prejudice to a defendant may be so great that proper instructions may not erase the effect of improper testimony, we find that such a situation clearly did not exist here.

■ Finally, appellant contends that the court erred in denying his motion for severance and that the evidence against him was insufficient. We fully agree with appellant that complicated cases involving several defendants raise the danger that conflicts of interest among the defendants may arise and that a defendant may improperly be convicted by reason of association with others who are guilty or simply by a massive show of evidence that is insufficient as to one or more specific elements. Study of this record, however, reveals ample evidence that appellant was actively and knowingly involved in the conspiracy and in committing substantive offenses. We find further that the degree of conflict between the defendants was so slight that the court was clearly within its discretion in denying severance.

AFFIRMED.