**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Kenneth BAILEY, Defendant-Appellant.**

**No. 83–2327.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 24, 1984.

Decided March 6, 1984.

Certiorari Denied June 4, 1984.

See 104 S.Ct. 2686.

I. Alexander Woloshansky, Merrillville, Ind., for defendant-appellant.

Gregory A. Vega, Asst. U.S. Atty. (R. Lawrence Steele, Jr., U.S. Atty.), Hammond, Ind., for plaintiff-appellee.

Before BAUER, CUDAHY and COFFEY, Circuit Judges.

BAUER, Circuit Judge.

Defendant Kenneth Bailey appeals his conviction for distributing heroin in violation of 21 U.S.C. § 841(a)(1), arguing that the district court erred in admitting into evidence a confession he made to a government agent. We affirm.

The facts relevant to this appeal are not seriously disputed. While in custody, defendant repeatedly requested to speak with a Drug Enforcement Administration official named Rhodes. When Rhodes arrived, defendant volunteered that he was guilty of distributing heroin. Prior to defendant's confession, Rhodes did not ask any questions or prompt any admissions. Although Rhodes advised defendant to speak to an attorney, defendant replied "that he knew what he was doing." At no time did Rhodes advise defendant of his constitutional rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), nor was counsel present.

Rhodes apparently failed to inform anyone about the confession. The government prosecutor first discovered the admission at trial after defendant's counsel, on recross-

examination of Rhodes, unwittingly opened the door for the prosecutor by establishing the fact of the conversation. The surprising revelation came out when the prosecutor then inquired into specifics of the talk. A hearing was held the next day, pursuant to 18 U.S.C. § 3501, to consider the admissibility of the confession. The district court concluded that a voluntariness hearing was unnecessary because the confession was not the result of an interrogation and that even if the hearing was required, the confession was freely volunteered and admissible. The jury ultimately found defendant guilty and he was sentenced to a term of six years in prison, with a special parole term of three years. Defendant appeals his conviction, arguing that the confession was inadmissible because (1) he was not advised of his *Miranda* rights, (2) he was without counsel at the time of the confession, (3) a voluntariness hearing was not held before the jury was made aware of the confession, and (4) the Government failed to comply with a discovery order which permitted defendant's attorney to inspect and copy "any written or recorded statements or confessions made by the defendant, or copies thereof within the possession, custody or control of the government."

With respect to his first two arguments, defendant fundamentally misconstrues the nature of *Miranda* warnings and his related Fifth and Fourteenth Amendment right to counsel. In *Miranda* the Court held that "the prosecution may not use statements . . . stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. State of Arizona*, 384 U.S. at 444, 86 S.Ct. at 1612. It went on, however, to explain that "[a]ny statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be

interrogated." *Miranda,* 384 U.S. at 478, 86 S.Ct. at 1630. Since the procedural safeguards outlined in *Miranda* are required only when a suspect in custody is interrogated, the critical question becomes whether defendant's confession was the product of an interrogation.

The Court has explored the meaning of the term interrogation in *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). It there held that the *Miranda* safeguards come into play "whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* at 300–01, 100 S.Ct. at 1689–90. Since the police in *Innis* did not directly question respondent or subject him to the "functional equivalent" of questioning, the Court concluded that the respondent had not been "interrogated" within the meaning of *Miranda,* and that his incriminating statements were properly admitted into evidence. This circuit has also upheld the admission of incriminating evidence provided by suspects while in custody when volunteered outside the context of an interrogation. *See United States v. Madison,* 689 F.2d 1300, 1307 (7th Cir.1982); *United States v. Garza,* 664 F.2d 135, 143 (7th Cir.1981).

■ Turning to the facts of the present case, we conclude that defendant was not interrogated within the meaning of *Miranda.* Rhodes did not engage in any words or actions that he should have known would be "reasonably likely to elicit an incriminating response" from defendant. The record reveals nothing, short of the coercive effect of custody itself,[1] to indicate that defendant's confession was anything but voluntary. Defendant, who was under no compulsion

---

1. Interrogation must reflect a measure of compulsion above and beyond that inherent in custody itself. *Rhode Island v. Innis,* 446 U.S. at 300, 100 S.Ct. at 1689.

to speak, initiated the visit and conversation, while Rhodes passively listened throughout the bulk of the meeting. We find no evidence in the record of the sort of compulsion which prompted the Court to create the *Miranda* safeguards in the first place and thus we conclude there was no interrogation. The admission into evidence of defendant's volunteered confession did not violate his constitutional rights.

■ Defendant next contends that a voluntariness hearing should have been held before the jury heard of the confession. He bases his argument on 18 U.S.C. § 3501, which requires the trial judge to determine any issue as to voluntariness before the confession is received in evidence. That statute, however, goes on to note that "[n]othing contained in this section shall bar the admission in evidence of any confession made or given voluntarily by any person to any other person without interrogation . . . ." 18 U.S.C. § 3501(d). This language creates an exception to the procedural requirements of section 3501. *See United States v. Diezel,* 608 F.2d 204, 207 n. 6 (5th Cir.1979); *United States v. Bernett,* 495 F.2d 943, 972 (D.C.Cir.1974) (en banc) (Wilkey, J., concurring). Since we have already concluded that Rhodes did not interrogate defendant, no voluntariness hearing was required, and no error occurred when the jury heard of the confession prior to a hearing.

■ Last, defendant argues that the Government violated the district court's discovery order which granted defendant's attorney access, upon request, to records of "confessions made by defendant . . . in the possession, custody or control of the government." The record, however, fails to reveal any request by defendant for information concerning his confession to Rhodes either in his original discovery request or his later motion for additional discovery. Having failed to request this information below, defendant has waived his right to object on appeal. *See* Fed.R.Crim.P. 12(b) and (f). *Cf. United States v. Herndon,* 536 F.2d 1027 (5th Cir.1976).

Accordingly, we affirm the conviction of defendant Bailey.