**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charlie Joe VAUGHN and Derrick
Mobley, Defendants-Appellants.**

**No. 83–8698
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 17, 1984.

William W. Larsen, Jr., Dublin, Ga., for Vaughn.

John Thompson, Swainsboro, Ga., for Mobley.

D. Gregory Weddle, Asst. U.S. Atty., Augusta, Ga., Mervyn Hamburg, DOJ, Appellate Sec., Louis M. Fischer, Washington, D.C., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Defendant Charlie Joe Vaughn was convicted of five counts of possessing cocaine with intent to distribute and one count of possessing methaqualone with intent to distribute. Defendant Derrick Mobley was convicted of one count of possessing cocaine with intent to distribute. 21 U.S.C.A. § 841(a)(1) and 18 U.S.C.A. § 2.

Two of the three points on appeal can be quickly dispatched. First, the expert's testimony that the substance involved in Vaughn's conviction under Count Six was methaqualone was sufficient to sustain that conviction. The argument as to the tests used by the expert goes to the weight of the evidence, a matter for the properly instructed jury. Second, the "on or about" jury instruction could not have confused the jury as to the separate events charged in the five cocaine counts.

The third issue concerns the destruction of the notes of the chemist who testified as an expert about the nature of the substance involved. The government's expert witness, Patrick Long, a forensic chemist at the Georgia State Crime Laboratory, testified that the nine packages of powder

sold to a government informant and an agent contained cocaine hydrochloride and that tablets seized from the car at Vaughn's residence were methaqualone. It was then established that Long had destroyed his laboratory notes, as well as the spectra, a graph, produced by infrared analysis.

Defendants argue that Long's testimony should not have been admitted because the destruction of his notes deprived them of the Sixth Amendment right of confrontation and cross-examination, denied them due process by denial of access to the means to prepare for and conduct cross-examination, denied them their Sixth Amendment right to effective assistance of counsel, and either violated the Jencks Act or the principle of the *Jencks* decision.

■ Defendants' confrontation claim is foreclosed by this Court's decisions in *United States v. Herndon*, 536 F.2d 1027 (5th Cir.1976); *United States v. Love*, 482 F.2d 213 (5th Cir.), *cert. denied*, 414 U.S. 1026, 94 S.Ct. 453, 38 L.Ed.2d 318 (1973), and *United States v. Williams*, 447 F.2d 1285 (5th Cir.1971) (*en banc*), *cert. denied*, 405 U.S. 954, 92 S.Ct. 1168, 31 L.Ed.2d 231 (1972).

Defendants' due process claims fail under the test established in *Herndon*. Determination of a due process deprivation depends on "the materiality of the evidence, the likelihood of mistaken interpretation of it by government witnesses or the jury, and the reasons for its unavailability." 536 F.2d at 1029.

As to all other arguments and the cases cited to support them, the Government is entitled to prevail because of one fact: the cocaine samples themselves were available. Defendants could have obtained their own analysis of the samples. A defendant bears the burden of showing that missing evidence would have been material and favorable to his defense. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 872–74, 102 S.Ct. 3440, 3449–50, 73 L.Ed.2d 1193 (1982); *United States v. Nabors*, 707 F.2d 1294, 1296–97 (11th Cir.1983). Aside from the fact that there is no indication the notes

would have demonstrated a likelihood of mistaken interpretation and that the government was not responsible for the destruction of the notes, the fact that the evidence itself was available for testing negates any harmful error, if error at all, in connection with the legal arguments made on the basis that the notes of the witness were destroyed.

AFFIRMED.