STATE OF CONNECTICUT *v.* SAMUEL DAVIS
(5194)

BORDEN, SPALLONE and BIELUCH, Js.

Argued February 3—decision released March 10, 1987

*Ronald D. Peikes,* special public defender, for the appellant (defendant).

*James A. Killen,* deputy assistant state's attorney, with whom, on the brief, were *Nina Rosen,* assistant state's attorney, and *Steven M. Sellers,* deputy assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant is appealing from a judgment of conviction, after a jury trial, of the crimes of attempted larceny in the sixth degree, a violation of General Statutes §§ 53a-49 and 53a-125b, and conspiracy to commit the crime of larceny in the sixth degree, a violation of General Statutes §§ 53a-48 and 53a-125b.

The jury reasonably could have found the facts as follows. On January 29, 1986, Philip Razook, the security manager of a K-Mart department store, observed the defendant and a male companion in the ladies' wear department of the store. The defendant was wearing a loose fitting jacket. The two headed for the sports-

wear department where they were observed by Razook from observation windows overlooking the area. From there, he saw the defendant and his companion "looking all around, looking up and down the aisles." He observed the companion remove five or six jogging suits from a rack and hand them to the defendant, who took the items, rolled them up and placed them under his jacket. The two repeated this action with an additional five or six jogging suits. The suits were made of a very light material such as rayon or nylon and the combined value of the garments was slightly more than $100.

Before leaving the area, the defendant closed his jacket, concealing the merchandise, and headed towards the main exit. Razook summoned additional security personnel who apparently were spotted by the defendant and his companion. The defendant and his accomplice fled in different directions. The defendant proceeded at a fast pace back toward the ladies' wear department where he opened his jacket, removed the jogging suits from under his jacket and threw them under a rack of ladies' clothes. He was apprehended at the front foyer of the store, held for the police, who, upon their arrival, arrested the defendant and his companion and took them along with the jogging suits to the police station. Pursuant to General Statutes § 54-36a (b), the police returned the jogging suits to the store about fifteen minutes later. The defendant was tried and convicted on both the attempted larceny and the conspiracy charges.

The defendant claims that the trial court erred in denying his motion to dismiss and his motion to acquit because his due process rights were abridged when the state failed to produce the items that were allegedly concealed by the defendant. We find no merit to this contention.

General Statutes § 54-36a (b) provides for the return of stolen property to the owner where such property

is valued at less than $250. This section further provides that "secondary evidence of the identity, description or value of such property shall be admissible in evidence against such defendant in the trial of such case. The fact that the evidence is secondary in nature may be shown to affect the weight of such evidence, but not to affect its admissibility."

The police acted properly and in accordance with the statute in returning the items to the store. Unless the state willfully withheld evidence, it cannot be said that it acted in derogation of the defendant's due process rights. "Only an intentional or deliberate suppression of evidence is a per se violation of due process sufficient to reverse or nullify a conviction." *State* v. *Green,* 194 Conn. 258, 264 n.6, 480 A.2d 526 (1984), cert. denied, 469 U.S.1191, 105 S. Ct. 964, 83 L. Ed. 2d 969 (1985). Here, the state did not conceal, suppress, lose or destroy the evidence sought by the defendant. Compare *United States* v. *Herndon,* 536 F.2d 1027, 1029 (5th Cir. 1976); *State* v. *Harden,* 175 Conn. 315, 326–27, 398 A.2d 1169 (1978); *State* v. *Burns,* 173 Conn. 317, 325, 377 A.2d 1082 (1977). The jogging suits were properly returned to the store to which the defendant had full access. Between the time of the arrest and the eve of the trial, when the defendant issued a subpoena to the police for the suits, he made no attempt to obtain the suits himself nor did he move in court to preserve the evidence. His failure to make a timely attempt to do so precludes him from claiming that the state violated his due process rights. See *United States* v. *Herndon,* supra; *State* v. *Harden,* supra, 327; *State* v. *Burns,* supra, 325. The defendant's own default cannot be attributed to the state.

There is no error.

In this opinion the other judges concurred.