STATE OF CONNECTICUT *v.* CURTIS HARDY
(5312)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued May 8—decision released June 9, 1987

---

*Michael K. Courtney,* deputy assistant public defender, for the appellant (defendant).

*Mary Elizabeth Baran,* deputy assistant state's attorney, with whom, on the brief, was *Walter D. Flanagan,* state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from the judgment of conviction, after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70.

In the defendant's first claim of error, he asserts that the trial court erred by denying his supplemental motion to suppress because he was not promptly arraigned in accordance with General Statutes § 54-1c[1] and General Statutes (Rev. to 1985) § 54-1g.[2]

The defendant was placed under arrest at 7:11 a.m. on September 19, 1985. The defendant was arraigned on the next regularly scheduled court date, September 20, 1985. In *State* v. *Darwin,* 155 Conn. 124, 133–34, 230 A.2d 573 (1967), rev'd on other grounds, 391 U.S. 346, 88 S. Ct. 1488, 20 L. Ed. 2d 630 (1968), our Supreme Court rejected a claim of untimely arraignment under circumstances nearly identical to those in this case. See also *State* v. *Vollhardt,* 157 Conn. 25, 39,

---

[1] At the time the defendant filed his supplemental motion to suppress, General Statutes § 54-1c provided: "Any admission, confession or statement, written or oral, obtained from an accused person who has not been presented to the first session of the court, or on the day specified for arraignment under the provisions of section 54-1g, or who has not been informed of his rights as provided by section 54-1b or section 54-64b, shall be inadmissible."

[2] At the time the defendant filed his supplemental motion to suppress, General Statutes (Rev. to 1985) § 54-1g provided: "Any arrested person who is not released sooner shall be promptly presented before the superior court sitting next regularly for the geographical area where the offense is alleged to have been committed. If an arrested person is hospitalized, or has escaped or is otherwise incapacitated, the person shall be presented, if practicable, to the first regular sitting after return to police custody."

244 A.2d 601 (1968). The trial court, in refusing to suppress the defendant's statements, properly applied the holding in *Darwin.*

The defendant's second claim is that his constitutional right to confront adverse witnesses was violated. He claims that the trial court erred in not making a preliminary finding that the failure to produce privileged information contained in the psychiatric records of the victim-witness would be likely to impair the defendant's right to confrontation. *State* v. *Esposito,* 192 Conn. 166, 176–80, 471 A.2d 949 (1984). Such a finding could not have been made on the facts of this case.

Here, the defendant not only failed to show that the witness had a mental problem that affected her testimonial capacity, he did not even establish that the witness was under psychiatric care or that any psychiatric records existed. See *State* v. *Burak,* 201 Conn. 517, 523–24, 518 A.2d 639 (1986); *State* v. *Bruno,* 197 Conn. 326, 329–30, 497 A.2d 758 (1985); cert denied, 475 U.S. 1119, 106 S. Ct. 1635, 90 L. Ed. 2d 181 (1986); *State* v. *Esposito,* supra. Further, at oral argument in this court defense counsel admitted that, prior to trial, he made no effort to secure the psychiatric records, if any, of the victim-witness, nor, at trial, did he ask for a continuance to do so. We cannot convert the defendant's default in this regard into error. See *State* v. *Davis,* 10 Conn. 130, 133, 521 A.2d 1051 (1987).

There is no error.