BROWNING, J.
Ronnie Rogers (Appellant) appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. Concluding that Ground One of the motion states a facially sufficient claim that is not conclusively refuted by the trial court’s attachments from the record, we reverse the order as to that claim and remand either for an evidentiary hearing or for proper attachments. Fla. R.Crim.P. 3.850(d). We affirm the denial of Appellant’s remaining “ineffective assistance” claims.
The State charged Appellant with one count of attempted first-degree murder of a law enforcement officer. He was found guilty of aggravated battery of the officer. Absent an evidentiary hearing, Appellant’s factual allegations in the motion that are not conclusively refuted by the attachments from the record must be taken as true. Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000). Ground One alleged that defense counsel was ineffective for failing to move for dismissal of the charge upon learning that the State and/or *333 its agents had concealed, and then destroyed, material exculpatory evidence. To support this claim, Appellant alleged that the State’s charging document had stated that while being arrested inside his residence, he had grabbed the butt or handle of Officer Schliebner’s gun in a presumed attempt to kill or injure the officer. The officer took Appellant’s hand to restrain him from removing the gun from the holster. The theory of the defense was that if the prosecution’s claims were true, then Appellant’s fingerprints would be on the gun. Otherwise, only the officer’s prints would appear. The motion alleged that an “agent of the State,” the Panama City Police Department, had removed the gun from the crime scene and had improperly concealed the weapon in the trunk of a police vehicle. When the gun was subsequently returned to the officer, he took it home and “washed [it] off,” thereby possibly removing fingerprints that were material to the defense theory. The defense suggested that after Appellant was attacked by the officer in Appellant’s own home, the police closed ranks to protect its members. The gun was not subjected to testing, was not disclosed to the defense, and was not produced at trial. The motion alleged that despite the significance of the evidence mishandled and destroyed by the government, trial counsel did not move for dismissal of the charge.
Correctly concluding that Ground One states a facially sufficient claim, the trial court issued a show-cause order. In its response, the State acknowledged that a key factor in the defense theory was governmental destruction of possible evidence. However, the State described the allegation that Appellant’s fingerprints would be on the gun butt if the State’s charge was true as “without scientific basis” and “merely speculative.”
In its order, the lower court denied this claim on the ground that defense counsel had moved for a judgment of acquittal “after the close of the State’s evidence citing to all of the arguments set forth by the Defendant.” The attachments demonstrate that trial counsel moved for acquittal by challenging the sufficiency of the evidence relating to premeditation. The attachments do not conclusively refute the allegation of ineffective assistance of counsel.
In accordance with the fundamental fairness to which a criminal defendant is entitled under the Due Process Clause, Appellant “is entitled to access to relevant and material evidence which is necessary for him to prepare his defense.” United States v. Herndon, 536 F.2d 1027, 1029 (5th Cir.1976). Whether Appellant was denied the right of due process “will depend upon the materiality of the evidence, the likelihood of mistaken interpretation of it by governmental witnesses or the jury, and the reasons for its nonavailability to the defense.” Id.
The presence or absence of Appellant’s fingerprints on the gun, the butt or handle of which he was alleged to have grabbed, could have been a key factor in determining whether or not Appellant ever touched the weapon. The motion alleged that possible exculpatory evidence was concealed and then destroyed as a result of government misconduct in the handling of the gun after its removal from the crime scene and before the defense could examine it. Further, the motion alleged that without the concealment and mishandling of the gun, the material evidence could have shed light on the defense theory.
Relying on the due process guarantees set forth in article I, section 9, of the Florida Constitution, the Supreme Court of Florida has stated “that governmental misconduct which violates the constitution *334 al due process right of a defendant, regardless of that defendant’s predisposition, requires the dismissal of criminal charges.” State v. Glosson, 462 So.2d 1082, 1085 (Fla.1985). The motion alleged that defense counsel failed to move for dismissal, despite knowing that key exculpatory evidence could have been destroyed by government misconduct. We conclude the allegations in Ground One satisfy both prongs — deficient performance and prejudice to the defense — of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)[1].
We REVERSE the order as to Ground One, AFFIRM as to the other claims, and REMAND for an evidentiary hearing or for attachments that conclusively refute the allegations.
ERVIN and MINER, JJ., CONCUR.

. Although Appellant's motion characterized the government misconduct as a violation of the type contemplated in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), "Brady requires that the defendant not be aware of the withheld evidence before or during trial.” Smith v. State, 445 So.2d 323, 326 (Fla.1983). In the case at bar, the defense knew the gun had been washed after being removed from the crime scene.